**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5                          OAKLAND DIVISION

6

7    DAVID STEVEN ARAUJO,

8                    Plaintiff,                    No. C 13-4023 PJH (PR)

9         vs.                                      **ORDER OF DISMISSAL**

10   ANKA BEHAVIOR SUPPORT,

11                   Defendant.
                                          /
12

       Plaintiff, who is confined at Atascadero State Hospital, has filed a pro se civil rights

13
     complaint under 42 U.S.C. § 1983.  The original complaint was dismissed with leave to

14
     amend and plaintiff has filed an amended complaint.

15
                                   **DISCUSSION**

16
     **A.    Standard of Review**

17
       Federal courts must engage in a preliminary screening of cases in which prisoners

18
     seek redress from a governmental entity or officer or employee of a governmental entity.

19
     28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20
     dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21
     be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at

22
     1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23
     *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24
       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25
     the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26
     the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27
     grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28
     omitted).  Although in order to state a claim a complaint "does not need detailed factual

**United States District Court**
For the Northern District of California

1  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8  framework of a complaint, they must be supported by factual allegations.  When there are

9  well-pleaded factual allegations, a court should assume their veracity and then determine

10 whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11 679 (2009).

12       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13 elements:  (1) that a right secured by the Constitution or laws of the United States was

14 violated, and (2) that the alleged deprivation was committed by a person acting under the

15 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **B.     Legal Claims**

17       Plaintiff is currently confined in Atascadero State Hospital and has filed this action

18 regarding his treatment.  However, the amended complaint is incomprehensible and it is

19 not clear the exact nature of the claims or the relief plaintiff seeks.

20       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

21 the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

22 the statement need only '"give the defendant fair notice of what the . . . . claim is and the

23 grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

24 omitted).

25       It seems plaintiff is dissatisfied with his treatment, he does not like his social worker

26 and he would like to be returned to the community.  However, the court is unable to discern

27 a constitutional claim.  As plaintiff has already been provided leave to amend and as it is

28 clear further amendments would be futile, this case is dismissed with prejudice.

**United States District Court**

For the Northern District of California

1

2

**CONCLUSION**

3

For the reasons set forth above this case is **DISMISSED** with prejudice.

4

**IT IS SO ORDERED.**

5

Dated: December 12, 2013.

PHYLLIS J. HAMILTON
United States District Judge

6

7

G:\PRO-SE\PJH\CR.13\Araujo4023.dsm.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3